ACCEPTED
03-14-00621-CV
5225035
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/11/2015 10:12:28 AM
JEFFREY D. KYLE
CLERK

**03-14-00621-CV**

IN THE COURT OF APPEALS OF TEXAS
THIRD DISTRICT, AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/11/2015 10:12:28 AM
JEFFREY D. KYLE
Clerk

**FRANK SELIGER,**
**Appellant,**

**vs.**

**ETHIOPIAN EVANGELICAL CHURCH**
**Appellee.**

**On Appeal from the County Court at Law No. 1**
**Travis County, Texas**
**Trial Court Cause No. C-1-CV-14-005819**

**APPELLEE'S BRIEF**

Respectfully submitted,

By: /s/ James Minerve

_____

James Minerve
State Bar No. 24008692
115 Saddle Blanket Trail
Buda, Texas 78610
(210) 336-5867
(888) 230-6397 (Fax)
jgminerve@aol.com
jgm@minervelaw.com
Attorney for Appellee, Ethiopian
Evangelical Church

i

## IDENTITY OF THE PARTIES

**Appellant**

Frank Seliger
2108 E. Yager Lane
Austin, Texas 78754
Appellant, Pro Se

**Appellee**

Ethiopian Evangelical Church
By:  James Minerve
State Bar No. 24008692
115 Saddle Blanket Trail
Buda, Texas 78610
(210) 336-5867
(888) 230-6397 (Fax)
jgminerve@aol.com
jgm@minervelaw.com
Attorney for Appellee Ethiopian Evangelical Church

# TABLE OF CONTENTS

Identity of Parties and Counsel ............................................................. ii

Table of Contents ................................................................................ iii

Table of Authorities ............................................................................iv

Statement of Jurisdiction......................................................................1

Statement of the Case...........................................................................1

Issues Presented ...................................................................................1

Statement of Facts................................................................................1

Argument and Authorities.....................................................................3

     ISSUE 1:    Whether Frank Seliger, as a holdover tenant, after receiving a Notice to Vacate on February 17, 2014, has the right to possession of Appellant's property.

Conclusion ...........................................................................................5

Prayer ...................................................................................................5

Certificate of Service ...........................................................................6

Certificate of Compliance ....................................................................6

# TABLE OF AUTHORITIES
## CASES

*Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909 (2013) ............4

*Gym-N-I-Playgrounds, Inc. v. Snider*, 220 S.W.3d 905, 908 (Tex. 2007) ...............4

*ICM Mortgage v. Jacob*, 902 S.W.2d 527, 530 (Tex.App.—El Paso 1994 .............5

*In Re Brunson*, 498 B.R. 160 – Bankr. Court, WD Texas (2013) ...........................5

## STATUTES

Texas Property Code, Chapter 51 .............................................................................1

Texas Property Code Chapter 92 et seq....................................................................1

## CONSTITUTION

Texas Constitution Art. 5, Sec. 6 .............................................................................1

## STATEMENT OF JURISDICTION

This Court has jurisdiction of the appeal because Appellant filed a final Judgment from the Travis County Court at Law #1, Travis County, Texas. Texas Texas Property Code Chapter 92 *et seq.* and Texas Constitution, Art. 5, Sec. 6.

This Court has jurisdiction concerning appeal of forcible detainer proceedings, Texas Property Code, Chapter 51.

## STATEMENT OF THE CASE

This an appeal of a forcible detainer proceeding from the Travis County Court at Law #1. The jury ruled against Appellant and judgment issued on September 15, 2014 in favor of Appellee.

Appellant was a hold over tenant whose one-year lease ran from July 1, 2012 to June 30, 2013.

## ISSUE PRESENTED

Whether Frank Seliger, as a holdover tenant, after receiving a Notice to Vacate on February 17, 2014, has the right to possession of Appellant's property.

## STATEMENT OF FACTS

### TIMELINE

| | |
|---|---|
| July 1, 2012 | Appellant takes possession of Appellee's property after signing a one year lease. |
| July 1, 2013 | Appellant becomes a holdover tenant. |

1

| September 14, 2013 | Appellant is sent a text message reminding him he needs to find another place to live. |
|---|---|
| January 7, 2014 | Appellant served with Notice of Landlord's intent not to renew. |
| February 17, 2014 | Appellant is served with 3-day notice to vacate. |
| March 10, 2014 | Appellant served with forcible detainer suit, KBRealton Management v. Frank M. Seliger, Cause No. J1-CV-14-070621 JP Court Precinct 1. KBRealtron was the Management company for the church. |
| March 10, 2014 | Appellant demands jury trial. |
| April 3, 2014 | Verdict rendered in favor of KBRealtron. Judgment signed. |
| April 8, 2014 | Appellant appeals. |
| April 11, 2014 | Case filed in Travis County Court, Cause No. C-1-CV-14-003211. |
| April 22, 2014 | Jury demand by Appellant. |
| May 15, 2014 | Order of Dismissal – "KBRealtron Management is not the owner of the subject premises and is not entitled to bring this suit in its own name." |
| May 15, 2014 | Forcible detainer filed in JP #1, Cause No. J1-CV-14-071107, Ethiopian Evangelical Church v. Frank Seliger. |
| May 27, 2014 | Appellant filed jury demand. |
| June 16, 2014 | Jury finds in favor of Appellee. |
| June 24, 2014 | Appellant appeals to County Court, Cause No. C-1-CV-14-005819. |
| August 26, 2014 | Jury trial. Jury finds for Appellee. |

September 16, 2014       Judgment issued.

September 24, 2014       Appellant's notice of appeal to 3rd Court of Appeals.

## ARGUMENTS AND AUTHORITIES
## ISSUE I

**Whether Frank Seliger, as a holdover tenant, after receiving a Notice to Vacate on February 17, 2014, has the right to possession of Appellant's property.**

Landlord (Appellee) and Tenant (Appellant), signed a one-year lease on July 1, 2012 (RR Vol. 3, Plaintiff's Exhibit 1).

Appellant understood that the term of the lease was only one year, as Appellee had future plans for the property.

At the end of the lease, July 1, 2013, Appellee's plans had not yet been finalized, and Appellee allowed Appellant to stay on the property on a month-to-month basis.

On September 24, 2013, Appellee's agent, Lemi, sent a text to Appellant, (RR Vol.3, Plaintiff's Exhibit 2), advising him that the church had finalized plans to begin a project in January of 2014, and the church would like him to move within the next three months (RR Vol.3 Plaintiff's Exhibit 2).

Appellant refused to move and on January 6, 2014, Appellee served Appellant with a Notice of Landlord's Intent Not to Renew, with the ending date of the lease as February 15, 2014 (RR Vol. 3, Plaintiff's Exhibit 3).

3

On February 17, 2014, Appellant was served with a 3-day notice to vacate giving tenant until February 28, 2014 to vacate (RR Vol. 3, Plaintiff's Exhibit 4).

Since March 10, 2014, Appellee has filed two forcible detainers, suffered through 3 jury trials and now is before this august body.

Appellant's continual cry through the entire process has been that he never received proper notice to vacate, as the lease stated he would have 3 months written notice if the premises were sold. It appears not to matter to Appellant that the property was never sold.

In the last jury trial, Appellant extrapolates the 3-month notice to include "if the church wanted to build on the property." This was never an issue except in Frank Seliger's mind.

In the instant case the reason for eviction of the holdover tenant was clear:

- Tenant's lease had expired, he was not entitled to a renewal and the landlord wanted him to leave.

- Tenant was a month-to-month tenant and the landlord wanted him to leave.

A tenant who continues to occupy the premises after expiration of a lease is a holdover tenant. *Gym-N-I-Playgrounds, Inc. v. Snider*, 220 S.W.3d 905, 908 (Tex. 2007); *Coinmach Corp. v. Aspenwood Apartment Corp*., 417 S.W.3d 909 (2013).

4

One in lawful possession of premises by permission of the owner or landlord and for no fixed term is a tenant at will. *In Re Brunson*, 498 B.R. 160 – Bankr. Court, WD Texas (2013).

A tenant at will is terminable at the will of either party upon fair notice. *See ICM Mortgage v. Jacob*, 902 S.W.2d 527, 530 (Tex.App.—El Paso 1994, writ denied).

Appellant never disputed the fact that he had proper notice, only the 3-month notice in the event the property was sold, a moot point.

## CONCLUSION

The Ethiopian Evangelical Church owns the property which Frank Seliger refuses to vacate.

The Ethiopian Evangelical Church wants Frank Seliger off of the property.

Frank Seliger has had the benefit of legal and proper notice to leave, yet, Frank Seliger refuses to leave, and has no legal reason for continuing to occupy the Church's property.

For over one year Frank Seliger has continued to maintain possession of the Church's property through legal maneuvering. It is time it ended.

## PRAYER

Appellee prays that this Court find that Appellant has no legal grounds to continue possession of Appellee's property.

Appellee prays that this Court uphold the judgment from the Travis County Court at Law #1 and order the Writ of Possession to issue immediately.

Respectfully Submitted,

By: /s/ James Minerve

_____

James Minerve
State Bar No. 24008692
115 Saddle Blanket Trail
Buda, Texas 78610
(210) 336-5867
(888) 230-6397 (Fax)
jgminerve@aol.com
jgm@minervelaw.com
Attorney for Appellee

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of Appellee's Brief was sent by U. S. Postal Service on May 8, 2015 to:

Frank Seliger
2108 E. Yager Lane
Austin, Texas 78754

/s/ James Minerve

_____

James Minerve

## CERTIFICATE OF COMPLIANCE

I hereby certify that the document submitted herein was typed in Times New Roman 14 point and contains 1,266 words.


/s/ James Minerve
_____
James Minerve